UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JOEL CLAVIJO,

        Petitioner,　　　　　　　　　　　　　DECISION AND ORDER

    v.　　　　　　　　　　　　　　　　　　　24-CV-6288 (CJS)

JULIE WOLCOTT, *Superintendent Attica
Correctional Facility*,

        Respondent.
_____

## I. INTRODUCTION

*Pro se* Petitioner Joel Clavijo ("Petitioner") seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He has paid the filing fee. The instant petition asserts a single claim—that Petitioner was denied his right to effective assistance of trial counsel. ECF No. 1 at 5-6. Because the claim is unexhausted Petitioner asks the Court to stay this case and hold the petition in abeyance while he pursues a state court collateral motion under N.Y. Crim. Pro. L. § 440.10 ("§ 440.10"). *Id.* at 5. However, because the petition presents only unexhausted claims, a stay is not appropriate. The Court accordingly dismisses the petition without prejudice.

## II. DISCUSSION

A. The Petition is Timely

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") a § 2254 petition must be filed within one year of the following four events:

(A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A).  Since there is a "judgment of conviction" in every criminal case, § 2244(d)(1)(A) generally is the "default" start-date.  A state conviction becomes "final" when the United States Supreme Court denies an application for a writ of *certiorari* or when the time to seek *certiorari* has expired, which is 90 days following the date on which direct review by the state's highest court is complete.  *See Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012) ("For petitioners who pursue direct review all the way to this Court, the judgment becomes final at the 'conclusion of direct review'—when this Court affirms a conviction on the merits or denies a petition for *certiorari*.  For all other petitioners, the judgment becomes final at the 'expiration of the time for seeking such review'—when the time for pursuing direct review in this Court, or in state court, expires."); U.S. Sup. Ct. R. 13(1).

On May 23, 2019, a judgment of conviction on one count of second-degree kidnapping was entered against Petitioner in New York State Supreme Court, Monroe County.  ECF No. 1 at 1.  The Appellate Division, Fourth Department, of New York State Supreme Court ("Appellate Division") affirmed Petitioner's conviction on November 10, 2022.  *People v. Clavijo*, 210 A.D.3d 1444 (4th Dep't 2022).  On February 2, 2023, the New York Court of Appeals denied Petitioner leave to appeal.  *People v. Clavijo*, 39 N.Y.3d 1077 (2023).  He did not seek a writ of *certiorari* from the United States Supreme

2

Court.  ECF No. 1 at 3.  Accordingly, for purposes of § 2244(d)(1)(A), the date on which the conviction became final was May 3, 2023, in other words, 90 days after the date the New York Court of Appeals denied Petitioner's motion for leave to appeal.

Thus, Petitioner had one year from May 3, 2023, or until May 3, 2024,[1] to file his habeas petition.  Because Petitioner is incarcerated and unrepresented, the date he filed the instant petition is determined by reference to the prison mailbox rule, which "provides that a *pro se* prisoner's habeas petition is deemed filed at the moment he gives it to prison officials."  *Hardy v. Conway*, 162 F. App'x 61, 62 (2d Cir. 2006) (collecting cases).  It appears that Petitioner attempted to give his habeas petition to prison officials for mailing on April 22, 2024, but a notary was not available.  Petitioner completed an "affidavit of service of mailing" and a "verification when notary public is unavailable," which indicate that he mailed his petition on April 25, 2024.  ECF No. 1 at 15-17.  Accordingly, based on the information provided by Petitioner, the instant petition appears to be timely under § 2244(d)(1)(A).

B. The Request for Stay and Abeyance is Denied

Under the AEDPA, habeas petitioners must exhaust the remedies available in the state courts before presenting their claims in federal court.  28 U.S.C. § 2254(b)(1).  The instant petition asserts one claim—that Petitioner was denied his right to effective assistance of trial counsel.  ECF No. 1 at 5-6.  Petitioner contends that his trial counsel was ineffective when he (1) failed to procure an affidavit from the victim who, at

---

[1] Petitioner calculated his federal habeas filing deadline as May 2, 2024, which implies that he found his conviction became final on May 2, 2023.  ECF No. 1 at 13.  The Court finds that the conviction became final on May 3, 2023 and, therefore Petitioner's federal habeas filing deadline was May 3, 2024.  *See* Fed. R. Civ. P. 6(a)(1); *Ross v. Artuz*, 150 F.3d 97, 103 (2d Cir. 1998) ("When a statute of limitations is measured in years, the last day for instituting the action is the anniversary date of the start of the limitations period.").

3

sentencing, recanted a crucial part of his testimony; (2) failed to request a lesser included offense; and (3) failed to preserve a sufficiency of the evidence claim by making a timely objection. *Id.* at 5. Plaintiff's claim therefore relies in part on evidence outside the pretrial and trial record, to wit: the victim's post-trial recantation.

"[T]o properly exhaust an ineffective assistance of counsel claim that relies on evidence outside the pretrial and trial record, petitioner must raise it as part of a motion to vacate judgment under CPL § 440.10 and then seek leave to appeal to the Appellate Division." *Anthoulis v. New York,* No. 11 Civ.1908(BMC), 2012 WL 194978, at *3 (E.D.N.Y. Jan. 23, 2012) (citations omitted). Petitioner concedes that he has not exhausted his ineffective assistance of counsel claim in state court. ECF No. 1 at 3, 5-6, 12. He states that his § 440.10 motion "will be submitted by May 2, 2024." *Id.* at 15. And he asks the Court to stay this case and hold the petition in abeyance while he exhausts his claim. *Id.* at 5.

The Court has no basis on which to question Petitioner's representation that his ineffective assistance of counsel claim is indeed unexhausted. *See generally*, ECF No. 1. The recent amendments to § 440.10 exempt ineffective assistance of counsel claims from the mandatory dismissal provisions of § 440.10(2)(b) and (c). *See People v. Green*, 201 A.D.3d 814, 816 (2d Dep't 2022) ("[E]ffective October 25, 2021, CPL 440.10(2)(c) does not apply to the issue of ineffective assistance of counsel."); *Herring v. McCarthy*, No. 19-CV-6111 (CJS), 2022 WL 7326255, at *2 & n.1 (W.D.N.Y. Oct. 13, 2022) (noting amendment). Petitioner will not face a mandatory procedural bar as to his ineffective assistance of trial counsel claim. Because Petitioner still has remedies available in the New York State courts, the ineffective assistance of trial counsel claim cannot be deemed

4

exhausted. *See* 28 U.S.C. § 2254(c) ("An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented."). Instead, it is fully unexhausted.

A stay and abeyance is generally only available when the Court is confronted with a mixed petition, that is, a petition that includes both exhausted and unexhausted claims. *Rhines v. Weber,* 544 U.S. 269, 278 (2005); *see Williams v. Shanley*, No. 20-CV-688 (JLS) (MJR), 2022 WL 17629736, at *4 (W.D.N.Y. Dec. 12, 2022) (collecting cases that have found that the stay and abeyance approach is not available when a petition is not mixed); *Kalu v. New York*, No. 08-CV-4984 NGG, 2009 WL 7063100, at *5 (E.D.N.Y. Sept. 15, 2009) ("where, as here, the petition is not mixed, and contains only unexhausted claims, federal courts that have considered the issue are in agreement that the stay-and-abeyance procedure described in *Rhines* is not available"), *report and recommendation adopted sub nom. Ndukwe v. New York*, No. 08-CV-4984 NGG RLM, 2010 WL 4386680 (E.D.N.Y. Oct. 28, 2010).

When confronted with a petition consisting of only unexhausted claims, district courts generally either dismiss the petition without prejudice or deny the petition on the merits under the habeas statute. *See* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.").[2] Courts have dismissed

---

[2] The only possible outcome with this option is denial of the entire petition. *See Caswell v. Racetti*, No. 11-CV-0153 MAT, 2012 WL 1029457, at *4 (W.D.N.Y. Mar. 26, 2012) ("The Second Circuit and other circuit courts of appeals have interpreted this provision to allow courts to deny mixed petitions on the merits, but not to allow courts to grant mixed petitions on the merits." (citing *Turner v. Artuz*, 262 F.3d 118, 122 (2d Cir. 2001) (discussing the 1996 amendments to the habeas statute adding 28 U.S.C. § 2254(b)(2) and stating that "[a] district therefore now has the option of denying mixed petitions on the merits"); *Moore v. Schoeman*, 288 F.3d 1231, 1232 (10th Cir. 2002) (finding that district court's "hybrid" disposition of fully unexhausted

unexhausted petitions on various grounds including jurisdiction and the interests of comity and justice.  *See, e.g., Powers v. Bartlett*, No. 08 CIV. 7733DC, 2009 WL 980266, at *4 (S.D.N.Y. Apr. 13, 2009) ("[w]hen a petition contains only unexhausted claims, the case law is clear that our Court has no jurisdiction to stay the petition"); *Carpenter v. Reynolds,* 212 F. Supp. 2d 94, 98 (E.D.N.Y. 2002) (dismissing petition that contained only unexhausted claims because "the Court has no basis to retain jurisdiction while [petitioner] pursues exhaustion"); *Bonneau v. LaManna*, No. 18CIV2228CSAEK, 2023 WL 5526717, at *6 (S.D.N.Y. Aug. 27, 2023) (observing that "courts confronted with habeas petitions asserting only unexhausted claims have declined to stay the proceedings to allow petitioners to exhaust their claims in state court so as to avoid turning the federal court into a 'jurisdictional parking lot for unexhausted claims and undermin[ing] the comity interests promoted by the exhaustion requirement'"); *Cowans v. Artuz*, 14 F. Supp. 2d 503, 508 (S.D.N.Y. 1998) ("the Court will not allow the AEDPA's statute of limitations to be circumvented by permitting a petitioner to file a habeas petition containing only unexhausted claims, and then holding that petition in suspense until the petitioner exhausts state remedies").

Here, the New York State courts have not had any opportunity to consider Petitioner's ineffective assistance of counsel claim.  The Court therefore finds that exercising its discretion to address the merits of the instant petition is not appropriate.

Because there is no reasonable basis to retain jurisdiction over Petitioner's unexhausted claim, the Court dismisses the petition without prejudice.  *See Baity v.*

---

habeas petition—dismissing one claim on the merits and dismissing the other without prejudice—was "unauthorized by § 2254(b)(2)")).

*McCary*, No. 02 CIV.1817 LAP-AJP, 2002 WL 31433293, at *2 (S.D.N.Y. Oct. 31, 2002) (collecting cases that were dismissed without prejudice because they contained only unexhausted claims). Because "[a] petition dismissed for failure to exhaust state court remedies does not count for the purpose of determining whether a future petition is second or successive," *Antrobus v. Hynes*, No. 13-CV-2742 CBA LB, 2013 WL 6328131, at *1 (E.D.N.Y. Dec. 4, 2013) (citing *Camarano v. Irvin*, 98 F.3d 44, 46-47 (2d Cir.1996) (no "second or successive" petition within the meaning of 28 U.S.C. § 2244 where earlier petition dismissed without prejudice for failing to exhaust state remedies)), the Court need not provide notice and an opportunity to be heard, *see id.* (collecting cases).

Finally, even if the Court could consider staying a petition consisting of only unexhausted claims, Petitioner did not make the requisite showing under *Rhines*. To warrant a stay Petitioner must show that he "had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Rhines,* 544 U.S. at 278. *Rhines* did not define the "good cause" requirement. *Glover v. Herbert*, 431 F. Supp. 2d 335, 337 (W.D.N.Y. 2006). But courts in this Circuit generally agree that good cause must arise from "external factors, not petitioner's own decisions." *Ramdeo v. Phillips*, No. 04-CV-1157 (SLT), 2006 WL 297462, at *6 (E.D.N.Y. Feb. 8, 2006); *accord Williams*, 2022 WL 17629736, at *4.

Petitioner's petition includes a letter from his trial attorney that outlines Petitioner's options regarding further appeal and collateral motions, including the option of filing a § 440.10 motion "asking that court to consider any issues that weren't previously before

it. For example, ineffective assistance of counsel . . . ." ECF No. 1 at 19-20. The letter also informs Petitioner of the limitations period for filing a federal habeas petition. *Id*.

The letter is dated November 14, 2022, but Petitioner did not file the instant petition until, at the earliest, April 22, 2024, and only states an intention to file his § 440.10 motion by May 2, 2023 (his calculation of the expiration of his federal habeas limitations period). He gives no reason for his delay. It thus appears that Petitioner made a conscious decision to wait to file his § 440.10 motion until the day he believed the federal habeas limitations period was expiring. Consequently, Petitioner does not show "good cause" for his failure to exhaust his claims. Moreover, the petition does not contain sufficient information to determine whether Petitioner's claim might be meritorious. Accordingly, Petitioner has not satisfied the criteria to warrant a stay and abeyance under *Rhines*, even assuming a stay and abeyance was appropriate in this case involving only unexhausted claims.

C. Petitioner Must Return to Federal Court Before the Limitations Period Expires

As noted above, based on the information provided by Petitioner, and using the start-date in § 2244(d)(1)(A), the one-year statute of limitations appears to have expired on May 3, 2024. Section 2244(d)(2) states that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment of claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). A state court application is "pending" for the purpose of § 2244(d)(2) from the time of filing "until the application has achieved the final resolution through the State's post-conviction procedures." *Carey v. Saffold*, 536 U.S. 214, 219 (2002). "[P]roper calculation of Section 2244(d)(2)'s tolling provision excludes

8

time during which properly filed state relief applications are pending but does not reset the date from which the one-year statute of limitations begins to run." *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000) (*per curiam*).

When a § 440.10 motion is filed before the limitations period expired, Petitioner is entitled to tolling for as long as the motion was pending, i.e., from the time of filing until final resolution through state post-conviction procedures. *See Evans v. Senkowski*, 228 F. Supp. 2d 254, 262 (E.D.N.Y. 2002) (holding that the statute of limitations was tolled "from the filing of the First Section 440 Motion until the denial of appeal by the Appellate Division" (citing *Gomez v. Duncan*, No. 02CIV0846LAPAJP, 2002 WL 1424584 *3 (S.D.N.Y. July 1, 2002); *Geraci v. Senkowski*, 211 F.3d 6, 9 (2d Cir. 2000), *superseded by statute on other grounds as stated in Saunders v. Senkowski*, 587 F.3d 543, 549 (2d Cir. 2009))).

If Petitioner indeed filed his § 440.10 motion "no later than May 2, 2024," as his letter to the Court states, *see* ECF No. 1 at 18, the AEDPA's one-year statute of limitations is currently tolled. The Court cannot ascertain the exact length of time that the AEDPA statute of limitations has run because it does not know the date on which he filed his § 440.10 motion. It is nonetheless clear that once his § 440.10 motion is resolved, Petitioner will have little time remaining on his federal habeas limitations clock. Although Petitioner has been aware of his federal habeas petition filing deadline since November 2022, *see id.* at 19-20, the Court reminds Petitioner that he is solely responsible for watching his limitations clock and returning to federal court before the limitations period has expired.

III. CONCLUSION

Based on the foregoing, it is hereby ORDERED that Petitioner Joel Clavijo's habeas petition (ECF No. 1) is dismissed without prejudice. The Court declines to issue a certificate of appealability. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith. The Court therefore denies Petitioner's motion for permission to appeal to the Court of Appeals *in forma pauperis*. ECF No. 2. Further requests to proceed on appeal *in forma pauperis* should be directed on motion to the United States Court of Appeals in accordance with Rule 24 of the Federal Rules of Appellate Procedure. The Clerk of Court is directed enter judgment and close this case as dismissed without prejudice.

IT IS SO ORDERED.

Dated:   May 21, 2024
         Rochester, New York

_____
CHARLES J. SIRAGUSA
United States District Judge